By the Court,
Hitchcock, Judge:
There is no controversy in the present case, but that the plaintiff is entitled to recover, unless the ^evidence offered by the defendants prove a superior right in them, and whether such is the fact depends upon the validity of the sale made by the guardian, in pursuance of the order of the Court of Common Pleas of Hamilton County, of the 2d of April, 1830. The legality of this sale has been objected to for several reasons, which will be considered in the order in which they are presented by counsel. Before doing this, however, it may be proper to remark, that with the exception of one particular, there is no pretence but that the provisions of the law upon the subject, were literally complied with up to the time of the issuing of the order of sale.
The first exception to the title of the defendants, is, that no return of sale was made to the court for its approval, nor were deeds ordered by the court to be made. If this exception is well taken, if such return was necessary, then the defendants’ title is defective, and a new trial must be awarded ; for, since the enactment of the law requiring confirmation by the court of a sheriff’s sale, it has been uniformly held, that without such confirmation, a sheriff’s deed would be void. And since the act of February 11, 1828, amendatory to “ the act defining the duties of executors and administrators,” 3 Chase St. 1601, it is presumed that the same rule would be applied to deeds made by executors or administrators. The sale in the case under consideration, was made under the law “for the appointment of guardians,” of the 6th of February, 1824. 2 Ch. St. 1317. This act, in the third section, prescribes, that in the sale of real estate by guardians, they shall be “ governed therein by the same regulations as are required of administrators in the sale of real property in the case of insolvents’ estates.” The reason for this reference may be found in the fact, that *18 ■from the year 1808 up to the time of the enactment of this law, the ■duties of executors and administrators, and of guardians of infants, have been prescribed in the same statutes; but at the session of the .general assembly of 1823-4, they wbre separated, and have been so ■continued ever since. In consequence of this reference we must look ■to the then existing law, regulating the duties of executors and adr tministrat.ors in .the sale of real, estates, in order to ascertain the duties •of guardians in disposing of the same description of property. The act in force upon this subject at the time of the passage of the law for the “appointment of guardians,” was the act of January 25, 1816, for the proving and recording wills and codicils, defining the duties of executors,” etc. 2 Oh. St. 929. By this act it is provided that before the sale of the real estates of decedents, their executors or administrators, shall make application to the Court of Common *Pleas, showing the necessity of such sale, and the court are required, upon being satisfied that the sale is necessary, to appoint appraisers. These appraisers are to appraise the property under oath, and make returu to the court. And upon such return it is made the duty of the court to direct the sale of so much of the property as may be necessary. It is then made the duty of the executor, after having given notice, as in the law required, to sell at public vendue, so much of the estate as may have been ordered by the court, but it is not required that any return of this sale shall be made to the court, nor does it seem to have been contemplated that there should be any further action of the court upon the subject. These provisions became a part of the law for the appointment of guardians, as fully as if they had been repeated verbatim in that law, and-by them guardians must be governed so long as the act of the 11th of February, 1824, remains unaltered or unrepealed.
On the 11th of February, 1828, in an act amendatory to the act regulating the duties of executors and administrators, provision is made that after sale of real estate by these officers, return shall be made to the court for confirmation, thereby placing these sales in this respect upon the same footing as sab>s by sheriffs. It is insisted by the plaintiff’s counsel, that this change in the law prescribing the duties of administrators shall be so construed as to effect a similar change in the law relative to the duties of guardians. Such, however, is not the opinion of the court. As has been already remarked, the law for the appointment of guardians, does not in itself prescribe the mode in which real estate shall be sold, but refers to another law upon a *19 •different subject as to this mode. And as has been already shown by this reference, the law referred to becomes a part of this law for .this particular purpose. Such being the case, a repeal of the law referred to would not divest guardians of the right to sell in a proper case. Nor can any change in the law relative to the duties of administrators, effect a change in the law relative to the duties of guardians, unless this latter is expressly referred to. 3 Ohio, 556. On full consideration, we are of opinion that the law does not require that a guardian shall make return to the court of a sale by him made, of the real •estate of his ward, nor is a confirmation of such sale by the court necessary to its validity.
The next exception to the title of the defendants is, that it does not appear that notice of sale was given as required by law, or rather that the court rejected evidence offered by the plaintiff to prove that :*the notice of sale was published only for four consecutive •weeks, when it should have been published six.
The law of 1816 required executors and administrators to give ■notice of the time and place of sale of the real estate of a decedent, by advertising the same in at least fiv.e public places in the county, .and in some newspaper of the most general circulation within the county, for at least six weeks successively. The object in requiring this notice undoubtedly was, that there might be competition at the •sale, and the best possible price secured for the land. That this' •object was effected in the present case, may well be inferred, when it is considered that the land was sold for more than double its appraised value. But if it be indispensably necessary to the validity of the title of a purchaser at guardian’s sale, that strict legal notice shall have been given of such sale, then the evidence offered by the plaintiff should have been received. There can be no doubt that it is a •duty incumbent upon a guardian, to give notice strictly according to law; and should he fail to do it, and should his ward in consequence •sustain loss, he might be made liable for such loss. But the question is as to the effect of such failure upon the title of an individual who has, in good faith, purchased at the sale, and received a deed consequent upon such purchase.
So long as real estate is sold by sheriffs in satisfaction of judgments, by executors or administrators for the payment of the debts of decedents, or by guardians for the sustenance of their wards, sound policy dictates that such sales should be sustained as far as they can be eon>sistently with the principles of law. Every inducement should be *20 held forth to encourage purchasers to give the full value of what they buy. And nothing can have a stronger tendency to this effect, than-to sustain sales, notwithstanding trifling irregularities. It is said by the Supreme Court of the United States, in the case of Wheaton v. Sexton, 4 Wheat. 503, that the purchaser at sheriff’s sale “ depends’ on the judgment, the levy, and the deed. All other questions are. between the parties to the judgment and the marshal,” or sheriff. This principle was recognized in this court in the case of Lessee of Allen v. Parrish, 3 Ohio, 187. In this latter case it was held that the purchaser at sheriff’s sale took a good title, although the property had not been appraised. And the Judge delivering the opinion of the court, says, “ it has never been supposed, that it was essentially necessary to sustain a title under a sheriff’s deed, to show that the. sale of the land was advertised the length of time and in the manner directed by the statue.” Such we understand to have been :l;the-law in this state previous to the act requiring sheriffs’ sales to be confirmed by the court, before a deed can te executed. And since this principle was introduced into the statute, we do not feel ourselves authorized to go behind the act of confirmation, in inquiring into the-validity of sheriffs’ sales.
In the case of Ludlow’s heirs v. Johnson, 3 Ohio, 553, this court say, “ there is no good reason why those who purchase from an administrator, should not be viewed with the same favorable eye with, those who purchase from sheriffs.” If this position be correct, and. we think it is, then it follows that the title of a purchaser at an-administrator’s sale will be sustained, although the legal notice may iiot have been given; and the same protection must be given to those who have purchased at a guardian’s sale. The court then did not err in rejecting the evidence offered by the plaintiff, because, had that evidence been received, it would have made no difference in the fina, result of the case.
The next objection to the defendants’ title is, that the land having been appraised as one entire parcel, was sold in two separate parcels.
We do not see that there was any thing improper in this. In sales of land by sheriff, administrator, or guardian, the individual making, the sale must exercise his own discretion whether the property shall be sold together or in separate parcels. The first object should be to-sell in such a manner as to secure the greatest price. If this object can be effected by offering the property in parcels, the officer selling would be censurable did he not divide it. In all cases he must exercise- *21 a sound discretion, having reference to the interests of all concerned, and being responsible for every abuse of discretion. It is not pretended in the ease before the court, that any one was injured by the •course adopted by the guardian ; at least it is not pretended that his wards were injured. The entire property was appraised at six hundred dollars ; it was sold in parcels at twelve hundred and thirty-two.
The'next and last objection to the defendants’ title is, that the appraisal was made with reference to certain improvements made upon the land by the defendants previous to the order of appraisal, which it is claimed was improper.
Upon an examination of' the transcript of record given in evidence, it is apparent that the additional value of the land, in consequence of these improvements, was not indued by the appraisers in their estimate of the value. In his petition to the Court of Common Pleas, praying for an order of sale, the guardian represented that the present ^defendants were in possession of the land under a contract of purchase with Jeremiah Brown and Mordecai Lewis, who claimed title to the same, which contract was made in 1827. That the defendants had made large and valuable improvements, with his knowledge, .and he submitted to the court whether the land should be appraised with reference to these improvements put upon it by the defendants, or in reference to its situation in 1827. The court ordered that the land should be appraised in reference to the improvements that were •upon it in 1827, which was done accordingly.
It is not perceived that there is any tbiDg improper in this. There is certainly nothing inequitable or unjust. If the land had not been sold by the guardian, and an ejectment had been brought by his wards, to recover the possession, they could not have had the benefit •of these improvements, but their value would have been secured to the defendants under the occupying claimant law. But admitting that this was an irregularity, it can not have the effect to defeat the defendants’ title. There is an order of sale, and so long as this remains in force the purchaser must be protected.
The motion for a new trial is overruled. Judgment on the verdict for defendants.